IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 08-1063-PHX-EHC |
| Plaintiff/Respondent, | CIV 09-0696-PHX-EHC (MHB) |
| v. | **REPORT AND RECOMMENDATION** |
| Gilberto Villalba-Perino, | |
| Defendant/Movant. | |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

Defendant/Movant Gilberto Villalba-Perino (hereinafter "Movant"), who is confined in the Federal Correctional Institution in Eden, Texas, has filed a *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (CVDoc. #1)[1]. On September 7, 2009, Respondent filed a Response (CVDoc. #9). Movant did not file a Reply.

**BACKGROUND**

In CR-08-1063-PHX-EHC, Movant plead guilty to an Information charging him with Illegal Re-entry After Deportation, a class C felony, enhanced by 8 U.S.C. §1326(b)(2). (CVDoc. #9, Exh. A, at 25; CRDoc #19.) For sentencing purposes, he admitted having been "convicted of Possession with Intent to Deliver Cocaine, a felony, on November 28, 2005, in the Fourth Judicial District Court of Iowa, Cass County," and was "sentenced to a term not

---

[1] All documents referenced from case number CIV-09-0696-PHX-EHC will be hereinafter designated "CVDoc #," and all documents referenced from case number CR-08-1063-PHX-EHC will be designated "CRDoc #."

1  to exceed (10) years," and that his "[s]entence was suspended and a term of probation of (5)
2  years was imposed." (CRDoc. # 19, at 8; CVDoc. # 9, Exh. A, at 39-40.)

3  During Movant's change-of-plea proceedings, Movant conceded that he had entered
4  his plea voluntarily, understood his plea agreement, and agreed to all of its terms. (CVDoc
5  #9, Exh. A, at 19-24.) At the conclusion of the proceedings, Movant also indicated that he
6  had understood all of the questions that were asked during the change-of-plea proceedings,
7  and responded "no" when asked whether or not he had any questions before the proceedings
8  were adjourned. (Id., at 43.)

9  A Presentence Investigation Report (hereinafter "PSR") was prepared on November
10 7, 2008, by the United States Probation Office. The PSR author assigned a base offense
11 level under the United States Sentencing Guidelines ("U.S.S.G.") of eight. U.S.S.G.
12 §2L1.2(a). (PSR ¶10.) Twelve levels were added "as the defendant was deported from the
13 United States to Mexico February 16, 2006, subsequent to a felony conviction in Iowa
14 District Court for Cass County, of possession with intent to deliver cocaine, a violation of
15 Iowa Code §124.40(1)(C)(2)(B), an aggravated felony for which he was sentenced to
16 probation with credit for time served. U.S.S.G. §2L1.2(b)(1)(B)." (PSR ¶ 11.) Movant's
17 adjusted offense level was therefore 20. (PSR ¶15.) With a three-level downward
18 adjustment for acceptance of responsibility, Movant's total offense level was 17. (PSR¶18.)

19 Movant's criminal history computation resulted in three total criminal history points,
20 one assigned to his Iowa conviction, and two assigned because Movant was on probation in
21 that case at the time the crime in the current matter was committed. (PSR ¶23.) The PSR
22 calculated Movant's guideline range as 27-33 months in prison, based on an offense level of
23 17, and a criminal history category of II. (PSR ¶46.) Given the stipulation in Movant's plea
24 agreement to a two-level downward departure based upon an early disposition program,
25 Movant's imprisonment range was calculated at 21-27 months. (PSR ¶57.) A 24 month
26 sentence was recommended by the author of the PSR. (PSR, at 13.) No objections to the
27 PSR were filed by Movant prior to his sentencing on December 3, 2009.
28

At his sentencing, Movant was asked whether or not the presentence report was read to him in Spanish. He responded affirmatively. (CVDoc. #9, Exh. B, at 3.) Movant was also asked if he had any objection to anything contained in the PSR, and he responded: "No. I don't have anything to say regarding that." (Id., at 6.) Although Movant's attorney argued for the minimum guideline sentence, he did not object to the PSR calculations. Movant was sentenced to 27 months in prison, the maximum sentence in the applicable guideline range as calculated by the author of the PSR. (Id., at 10; CRDoc #20.)

Movant filed his timely *pro se* Motion under 28 U.S.C.§2255 on April 3, 2009, raising the following four claims for relief: (1) ineffective assistance of counsel, in that counsel failed to object to the factual assertions in the PSR supporting the aggravated felony enhancement, (2) failure of the PSR author or the government to conduct a factual inquiry into Movant's prior conviction at the time of the change-of-plea proceedings and his counsel's failure to request such an inquiry, (3) ineffective assistance of counsel, in that counsel failed to investigate the facts supporting the prior felony, and (4) ineffective assistance of counsel, in that counsel promised Movant that he would file objections to any 16-level[2] drug trafficking enhancement. (CVDoc. #1, at 5-8.) Respondent argues that Movant has waived his right to appeal or bring a collateral challenge, that Movant's plea was knowing and voluntary, and that Movant has failed to establish a claim of ineffective assistance of counsel. (CVDoc. #9.)

## LEGAL ANALYSIS

A. <u>Waiver of Right to Appeal or bring a §2255 Challenge</u>

In his plea agreement, Movant expressly waived his rights to appeal or collaterally attack any matter pertaining to his prosecution and sentence, provided that the sentence ultimately imposed was consistent with his plea agreement. (CRDoc. #19, at 4.) Specifically, the waiver reads, in pertinent part:

---

[2]Movant objects in his motion to the "16-level" enhancement, when in fact, the enhancement was 12-levels.

>   Defendant further waives: (3) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(CRDoc. #19, at 4-5.)

During the change-of-plea proceeding, the Court initially placed Movant under oath, and invited him to advise the Court if he did not understanding something said during the plea proceedings. (CVDoc. #9, Exh. A, at 6-7.) The Court discussed with Movant the waiver provision in his plea agreement and its implications:

>   *The Court*: That means that you cannot challenge at a later time the validity or the correctness of your conviction and sentence if your conviction and sentence are consistent with the terms of the plea agreement and the laws of the United States. Do each of you understand and agree to that? Mr. Villabla?[3]
>
>   *Defendant*: Yes.
>
>   *The Court*: Do you understand that by entering into your plea agreement you're also giving up your right to legally challenge any matter pertaining to the government's prosecution of its case against you? Mr. Villalba?
>
>   *Defendant*: Yes.

(CVDoc. #9, Exh. A, at 18-19.)

During Movant's sentencing hearing, on December 1, 2008, the Court again discussed the plea agreement waiver:

>   *The Court*: And do you understand in your Plea Agreement you waived your rights to appeal if the Court accepted your Plea Agreement and sentenced you accordingly?
>
>   *Defendant*: Yes.

(CVDoc. #9, Exh. A, at 5.)

A defendant may waive his right to bring a §2255 motion in a written plea agreement. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (a defendant may specifically waive the statutory right to file a §2255 motion); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (a knowing and voluntary waiver of a statutory right, such as the right

---

[3]Movant's change-of-plea proceeding was conducted as a dual proceeding with another defendant, so the record at times reflects the presence of two defendants.

to file a petition for relief under §2255, is enforceable). An express waiver of the right to appeal in a negotiated plea of guilty is enforceable if knowingly and voluntarily made, provided the sentence imposed is in accordance with the plea agreement. United States v. Bollinger, 940 F.2d 478, 480 (9th Cir. 1991). The record demonstrates that Movant's waiver was knowingly and voluntarily made, and is enforceable so long as the sentence imposed was consistent with his plea agreement. As set forth below, the sentence Movant received was consistent with the negotiated terms of his plea agreement. Also, to the extent Movant's claims are not waived, they are without merit.

B. Ineffective Assistance of Counsel.

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 687-95. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. See id. at 689-90. A defendant bears the burden of overcoming this presumption. United States v. Cronic, 466 U.S. 648, 658 (1984). Where a movant can't establish prejudice, the court need not reach the performance prong. Strickland, 466 U.S. at 697. There must be a reasonable probability shown that, but for counsel's errors, the result of the proceeding would have been different.

The Court, having reviewed the record, finds that Movant does not demonstrate that his counsel was ineffective, or that even if his counsel was ineffective, that Movant suffered prejudice as a result. The record establishes that Movant's plea was voluntary, and even if Movant's counsel had objected to the "16-level" guideline enhancement for his Iowa conviction, or even if a Taylor/Shepard analysis had been conducted, Movant can not establish prejudice in that the 12-level enhancement for his Iowa conviction would not have been applied.

During the plea colloquy, Movant gave no indication that his plea was based upon any promise relating to the filing of objections, despite being given the opportunity to do so, and was advised that his likely guideline offense level would be a 24, with a sentencing range between 24 and 63 months:

> *The Court*: Mr. Villalba, is there anything in your plea agreement that you do not understand or do not agree with?
>
> *The Defendant*: No. Everything is fine.
>
> *The Court*: Does that mean you understand your plea agreement, Mr. Villalba?
>
> *The Defendant*: Yes.
>
> *The Court*: Does that answer mean that you agree with everything that is in your plea agreement?
>
> *The Defendant*: Yes.
> . . . .
> *The Court*: Mr. Villalba, does your plea agreement contain everything that you and the government have agreed to?
>
> *Defendant*: Yes.
> . . . .
> *The Court*: Were any promises made to you that are not written down and contained in your plea agreement in order to get you to plead guilty? Mr. Villalba?
>
> *The Defendant*: No.

(CVDoc. # 9, Exh. A, at 22-24.)

Movant also admitted the underlying felony conviction during the plea colloquy, and the Court then discussed with Movant and his attorney the sentencing possibilities.

> *The Court*: Is it true that you were convicted of the crime of possession with intent to deliver cocaine, a felony, on November 28, 2005, in the fourth judicial district court, Cass County, State of Iowa? Is that true?
>
> *Defendant*: Yes.

(Id., at 39-40.)

> *The Court*: Mr. Mitchell have you given your client your best professional opinion as to what his sentence will be or could be if given a sentence consistent with this plea agreement?
>
> *Mr. Mitchell*: 24 to 63 months . . .

(Id., at 27-29.)

> *The Court*: Mr. Mitchell . . . Are you certain he's at a level 24?
>
> *Mr. Mitchell*: Judge, that is the worst case scenario . . . . At the most he's looking at a level 24.

| | |
|---|---|
| 1 | *The Court*: And, Mr. Villalba, did you hear and understand what your lawyer said to me? |
| 2 | |
| 3 | *Defendant*: Yes. |

*The Court*: . . . . that you could be, worst-case scenario, at a level 24. But if you actually serve 13 months or less, also possible you could be at a level 20 which means your sentence would be down to a level 15 for a five-level downward departure and adjustment and your sentence will be anywhere between 18 and 51 months of imprisonment depending upon your Criminal History Category. Do you understand that, Mr. Villalba?

*Defendant*: Yes.

*The Court*: Do you understand both your lawyer and I, who have been doing these kinds of cases for a long time now, don't know right now exactly whether you'll be a level 24 or a level 20 and your lawyer will know that by the time of sentencing? Do you understand that?

*Defendant*: Yes.

*The Court*: Any questions about these important pages, Mr. Villalba?

*Defendant*: No.

*The Court*: Is that because you understand them?

*Defendant*: Yes.

(Id., at 33-44.)

Movant was fully advised, and affirmatively acknowledged that his guideline offense level would likely be a 20 or a 24, and he did not object to these calculations or mention any promises his attorney made. It is difficult to comprehend Movant's argument that his attorney promised him that he would object to such a calculation, or would demand a Taylor/Shepard analysis, in the face of Movant's silence during the plea proceeding when his attorney seems to concede these calculation he was supposed to later challenge. Movant can not show prejudice in any event, because he can not show that the result would have been different had his attorney made the promised objection, or demanded the Taylor/Shepard analysis.

Movant's underlying conviction for Re-entry after Deportation was properly calculated as a base offense level of eight in the PSR. Movant admitted during his plea proceedings to having a prior felony conviction for the crime of Possession with Intent to Deliver Cocaine. The trial court assigned a 12-level sentencing enhancement for that

- 7 -

conviction, pursuant to U.S.S.G. §2L1.2(b)(1)(B), as a drug trafficking offense. Movant does not indicate on what basis his attorney should have objected to that enhancement. He also does not provide the court with any facts that his attorney should have presented on the issue of the applicability of the enhancement.

Furthermore, Movant's Iowa conviction would have qualified as a drug trafficking crime, eligible for the 12-level sentencing enhancement, had the Court conducted a Taylor/Shepard analysis. In determining whether or not a prior conviction is a qualifying offense for sentencing purposes, the court should first apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 600 (1990) (the formal categorical approach looks only to the statutory definitions of the prior offenses, and not to the particular underlying facts). "Pursuant to Taylor's analytical model, courts . . .look only to the fact of conviction and the statutory definition of the prior offense." United States v. Navidad-Marcos, 367 F.3d 903, 907 (9th Cir. 2004) (citations omitted). If the prior conviction contains the essential elements of the Guideline offense definition, there is a categorical match and the sentence enhancement is proper. United States v. Aguila-Montes de Oca, 553 F.3d 1229, 1232 (9th Cir. 2009).

Movant was convicted under Iowa State Statute §124.401(1)(c)(2)(b), which makes it unlawful for any person to:

> manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

Movant was given a sentence of " a term not to exceed ten years." (CVDoc. #9, Exh. C.) Under the Guidelines, the 12-level enhancement is applied to "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, . . ." U.S.S.G. §2L1.2. A drug trafficking offense is defined to include an offense under state law that prohibits the distribution of a controlled substance or the possession of a controlled substance with intent to distribute. U.S.S.G. §2L1.2 cmt. N.1(B)(iv). Given the matching of the

- 8 -

elements of the statute of conviction and the enhancement Guideline, there is a categorical match pursuant to Taylor, and the enhancement of Movant's sentence was proper.

Movant argues that the Court should have followed the modified categorical approach, as set forth in Shepard v. United States, that requires the court to examine judicially noticeable documents to determine if the defendant was convicted under the generic elements of the offense. Shepard, 544 U.S. 13, 16 (2005). Such documents may include: the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." Shepard, 544 U.S. at 16. Even if the Court had applied a modified categorical approach, the result would have been the same. The Information specifically charged Movant under that Iowa Statute with "Possession of a Controlled Substance with Intent to Deliver," in that Movant, "on or about the 16th of September, 2005," . . .had "possession of a controlled substance with the intent to deliver to-wit: approximately eighteen (18) kilograms of cocaine." (CVDoc. #9, Exh. D.) Movant does not challenge the accuracy or import of the Iowa court documents submitted by Respondent. Considering the Iowa Information, the minutes of Movant's Iowa sentencing, and Movant's acknowledgment during the plea proceedings of a conviction for the crime of possession with intent to deliver cocaine, there is no ambiguity that Movant's conviction falls squarely with the 12-level Guideline enhancement provision.

Movant has not demonstrated that his counsel's representation was ineffective, or that even if his counsel was ineffective by not objecting to the sentence enhancement or not conducting a factual investigation into his Iowa conviction, that Movant suffered prejudiced. He fails to identify the basis for a successful objection, or any facts relating to his Iowa conviction that could have been presented to affect the result. The 12-level sentencing enhancement was proper, and in fact, Movant received a sentence of 27 months, which was well within the 24 to 63 months that his counsel predicted, during the change of plea proceeding, would be Movant's sentencing range. The Court will recommend that Movant's claims be denied.

**CONCLUSION**

For the foregoing reasons, the Court finds that Movant's claims are barred by a valid waiver, and that, in any event his claims are barred as Movant has failed to demonstrate that his plea was involuntary, or that he received ineffective assistance of counsel. Accordingly, the Court will recommend that Movant's motion be denied.

**IT IS THEREFORE RECOMMENDED** that Movant's *pro se* "Motion Under 28 USC § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (CivDoc. #1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 8th day of January, 2010.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge